TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
3219 E. Camelback Rd #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Danielle Florio*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danielle Florio, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Equifax Information Services, LLC, a Georgia limited liability company; Trans Union, LLC, a Delaware limited liability company, Stellar Recovery, Inc., a Florida corporation, and Portfolio Recovery Associates, L.L.C., a foreign limited liability company, | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, DANIELLE FLORIO, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]) and against debt collectors for violation the Fair Debt Collection Practices Act at 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the City of Chandler, Maricopa County, Arizona.

3. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

4. Plaintiff is a natural person residing in Chandler, Maricopa County, Arizona.

5. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax"), which is a Georgia limited liability company that maintains a registered agent in Maricopa County, Arizona;

   b. Trans Union, LLC ("Trans Union"), which is a Delaware limited liability company that maintains a registered agent in Maricopa County, Arizona;

   c. Stellar Recovery, Inc. ("Stellar Recovery"), which is a Florida corporation that maintains a registered agent in Maricopa County, Arizona; and

   d. Portfolio Recovery Associates, L.L.C. ("Portfolio Recovery"), which is a foreign limited liability company that maintains a registered agent in Maricopa County, Arizona.

## **GENERAL ALLEGATIONS**

6. Stellar Recovery is reporting its trade line on Ms. Florio's Equifax and Trans Union credit file with inaccurate dispute language.

7. Portfolio Recovery is reporting its trade line on Ms. Florio's Equifax and Trans Union credit file with inaccurate dispute language.

8. The aforementioned trade lines are hereinafter referred to as "Errant Trade Lines."

9. On July 6, 2017, Ms. Florio obtained her credit files and noticed Stellar Recovery and Portfolio Recovery reporting the Errant Trade Lines.

3

10. On or about July 13, 2017, Ms. Florio submitted letters to Equifax and Trans Union, asking them to remove the dispute language from the Errant Trade Lines.

11. Upon information and belief, Equifax and Trans Union transmitted Ms. Florio's consumer disputes to Stellar Recovery and Portfolio Recovery.

12. On September 6, 2017, Ms. Florio obtained her Equifax and Trans Union credit reports and noticed that Stellar Recovery and Portfolio Recovery retained the dispute language on each of the Errant Trade Lines.

13. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in her credit file, Plaintiff has been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY STELLAR RECOVERY**

14. Plaintiff reincorporates the preceding allegations by reference.

15. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

16. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

17. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

18. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    e. 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false. Defendant violated this provision of the FDCPA by verifying the debt, which is the subject of the Errant Trade Line, as disputed rather than failing to remove the disputed language from Plaintiff's credit file.

19. The Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## COUNT II

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY STELLAR RECOVERY**

5

20. Plaintiff realleges the above paragraphs as if recited verbatim.

21. After being informed by Equifax and Trans Union of Ms. Florio's consumer dispute of the disputed language on the Errant Trade Line, Stellar Recovery negligently failed to conduct a proper investigation of Ms. Florio's dispute as required by 15 USC 1681s-2(b).

22. Stellar Recovery negligently failed to review all relevant information available to it and provided by Equifax and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b), and failed to direct Equifax and Trans Union to remove the disputed language from the Errant Trade Line.

23. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Florio's consumer credit file with Equifax and Trans Union to which it is reporting such trade line.

24. As a direct and proximate cause of Stellar Recovery's negligent failure to perform its duties under the FCRA, Ms. Florio has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

25. Stellar Recovery is liable to Ms. Florio by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

26. Ms. Florio has a private right of action to assert claims against Stellar Recovery arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Stellar Recovery for damages, costs, interest, and attorneys' fees.

## COUNT III

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY STELLAR RECOVERY

27. Plaintiff realleges the above paragraphs as if recited verbatim.

28. After being informed by Equifax and Trans Union that Ms. Florio disputed the accuracy of the information it was providing, Stellar Recovery willfully failed to conduct a proper reinvestigation of Ms. Florio's dispute, and willfully failed to direct Equifax and Trans Union to remove the disputed language from the Errant Trade Line.

29. Stellar Recovery willfully failed to review all relevant information available to it and provided by Equifax and Trans Union as required by 15 USC 1681s-2(b).

30. As a direct and proximate cause of Stellar Recovery's willful failure to perform its duties under the FCRA, Ms. Florio has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

31. Stellar Recovery is liable to Ms. Florio for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages

in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Stellar Recovery for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT IV

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY PORTFOLIO RECOVERY

32. Plaintiff reincorporates the preceding allegations by reference.

33. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

34. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

35. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

36. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   f. 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false. Defendant violated this provision of the FDCPA by verifying

8

the debt, which is the subject of the Errant Trade Line, as disputed rather than removing the disputed language from Plaintiff's credit file.

37. The Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PORTFOLIO RECOVERY

38. Plaintiff realleges the above paragraphs as if recited verbatim.

39. After being informed by Equifax and Trans Union of Ms. Florio's consumer dispute of the disputed language on the Errant Trade Line, Portfolio Recovery negligently failed to conduct a proper investigation of Ms. Florio's dispute as required by 15 USC 1681s-2(b).

40. Portfolio Recovery negligently failed to review all relevant information available to it and provided by Equifax and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b), and failed to direct Equifax and Trans Union to remove the disputed language from the Errant Trade Line.

41. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Florio's consumer credit file with Equifax and Trans Union to which it is reporting such trade line.

42. As a direct and proximate cause of Portfolio Recovery's negligent failure to perform its duties under the FCRA, Ms. Florio has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

43. Portfolio Recovery is liable to Ms. Florio by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

44. Ms. Florio has a private right of action to assert claims against Portfolio Recovery arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Portfolio Recovery for damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PORTFOLIO RECOVERY

45. Plaintiff realleges the above paragraphs as if recited verbatim.

46. After being informed by Equifax and Trans Union that Ms. Florio disputed the accuracy of the information it was providing, Portfolio Recovery willfully failed to conduct a proper reinvestigation of Ms. Florio's dispute, and willfully failed to direct Equifax and Trans Union to remove the disputed language from the Errant Trade Line.

47. Portfolio Recovery willfully failed to review all relevant information available to it and provided by Equifax and Trans Union as required by 15 USC 1681s-2(b).

48. As a direct and proximate cause of Portfolio Recovery's willful failure to perform its duties under the FCRA, Ms. Florio has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

49. Portfolio Recovery is liable to Ms. Florio for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Portfolio Recovery for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VII

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

50. Plaintiff realleges the above paragraphs as if recited verbatim.

51. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Florio as that term is defined in 15 USC 1681a.

11

52. Such reports contained information about Ms. Florio that was false, misleading, and inaccurate.

53. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Florio, in violation of 15 USC 1681e(b).

54. After receiving Ms. Florio's consumer dispute to the Errant Trade Lines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

55. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Ms. Florio has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

56. Equifax is liable to Ms. Florio by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

### COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

57. Plaintiff realleges the above paragraphs as if recited verbatim.

58. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Florio as that term is defined in 15 USC 1681a.

59. Such reports contained information about Ms. Florio that was false, misleading, and inaccurate.

60. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Florio, in violation of 15 USC 1681e(b).

61. After receiving Ms. Florio's consumer dispute to the Errant Trade Lines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

62. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Ms. Florio has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

63. Equifax is liable to Ms. Florio by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT IX

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

64. Plaintiff realleges the above paragraphs as if recited verbatim.

65. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Florio as that term is defined in 15 USC 1681a.

66. Such reports contained information about Ms. Florio that was false, misleading, and inaccurate.

67. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Florio, in violation of 15 USC 1681e(b).

68. After receiving Ms. Florio's consumer dispute to the Errant Trade Lines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

69. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Ms. Florio has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

70. Trans Union is liable to Ms. Florio by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT X

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

71. Plaintiff realleges the above paragraphs as if recited verbatim.

72. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Florio as that term is defined in 15 USC 1681a.

73. Such reports contained information about Ms. Florio that was false, misleading, and inaccurate.

74. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Florio, in violation of 15 USC 1681e(b).

75. After receiving Ms. Florio's consumer dispute to the Errant Trade Lines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

76. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Ms. Florio has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

77. Trans Union is liable to Ms. Florio by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant:

a. Actual damages;

b. Statutory damages; and

c. Statutory costs and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: September 21, 2017

                        KENT LAW OFFICES

                        By: /s/ *Trinette G. Kent*
                        Trinette G. Kent
                        Attorneys for Plaintiff,
                        Danielle Florio